**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

TERENCE LEE STOKES, SR.,

Plaintiff,

vs.

MR. CORTEZ Dentist,
MRS. BIXBY Nurse,

Defendants.

Case No. 2:12-cv-00177-JMS-WGH

**Order Dismissing Mrs. Bixby Without Prejudice**

As explained in the Entry of April 2, 2013, the remaining claim in this action is that Mr. Cortez and Ms. Bixby provided plaintiff Terence Lee Stokes, Sr., with constitutionally inadequate medical care for his injuries and pain on February 17, 2011, after he was assaulted by another inmate. These claims are necessarily brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The responsibility to serve process on a defendant who is identified and whose location is known in an action where the plaintiff has been granted *in forma pauperis* status rests with the court and its officers. See Fed. R. Civ. P. 4(c)(3). In this case, Ms. Bixby, a nurse, was identified as a defendant and the court attempted to perfect service on her. The record, however, reflects that there is not now, nor has there ever been a Ms. Bixby employed at the Federal Correctional Complex in Terre Haute, Indiana. See dkts. 25, 28, and 31. The plaintiff was given a period of time to show cause why Ms. Bixby should not be dismissed as a defendant in this action. In response he filed a "motion to show cause."

The plaintiff's motion argues that Ms. Bixby worked at the United States Penitentiary in Terre Haute. He states that even if Ms. Bixby was not employed by the Bureau of Prisons ("BOP") she worked at the prison as a private contractor. On this basis, the plaintiff requests that the plaintiff not be dismissed from this action. In the alternative, he requests that any dismissal be without prejudice.

The plaintiff's motion [dkt. 44] is **denied** such that Ms. Bixby is now dismissed from this action. The record reflects that she was not an employee of the BOP at the Federal Correctional Complex in Terre Haute, Indiana, and despite the Court's best efforts Ms. Bixby has not been served as required by Rule 4(m) of the *Federal Rules of Civil Procedure*. In addition, the plaintiff is notified that if Ms. Bixby is a BOP contract medical provider and not a federal employee, no viable *Bivens* claim can be maintained against her. *See Minneci v. Pollard,* 132 S.Ct. 617 (2010); *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 63, 66 & n.2 (2001); *Muick v. Glenayre Elec.,* 280 F.3d 741, 742 (7th Cir. 2002).

The dismissal of Ms. Bixby, however, shall be without prejudice.

**IT IS SO ORDERED.**

Date: 11/18/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TERENCE LEE STOKES, SR.
21130-076
FCI Talladega
Federal Correctional Institution
P.O. Box 1000
Talladega, AL 35160

All electronically registered counsel