UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERENCE LEE STOKES, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:12-cv-00177-JMS-WGH |
| MR. CORTEZ Dentist, | ) ) ) |
| Defendant. | ) |

**ENTRY DISCUSSING MOTION FOR SUMMARY JUDGMENT**

The remaining claim in this action is that defendant Dr. Jesus Morales-Cortes provided plaintiff Terence Lee Stokes, Sr., with constitutionally inadequate dental care for his injuries and pain in February of 2011, after he was assaulted by another inmate at the United States Penitentiary in Terre Haute, Indiana. This claim is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). The defendant seeks resolution of this claim through the entry of summary judgment based on the argument that Stokes failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons explained below the defendant's unopposed motion [41] is **granted.**

Discussion

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). The substantive law applicable to the motion for summary judgment is this: The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*

Exhaustion is an affirmative defense, and the burden of proof is on the defendant. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir.

2004)). In this case, the defendant has met his burden through his unopposed motion for summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Stokes has conceded to the defendant's version of the facts. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f)(1), of which the plaintiff was notified. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

That following facts, unopposed by Stokes and supported by admissible evidence are accepted as true: The defendant has shown that there was a multi-step administrative remedy procedure available to Stokes at the United States Penitentiary ("USP") in Terre Haute, Indiana, that Stokes' claim of denial of adequate medical/dental care was grievable, and that Stokes did not file administrative remedy requests at all required levels prior to filing suit as to his dental care claim. In summary, the undisputed evidence establishes that Stokes did not properly exhaust administrative remedies available to him at the USP regarding the dental care claim before filing this action.

## Conclusion

The consequence of Stokes' failure to properly exhaust his administrative remedies as to his dental care claim, in light of 42 U.S.C. § 1997e(a), is that such claim should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without

prejudice."). Accordingly, the defendant's motion for summary judgment [dkt. 41] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __12/18/2013__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TERENCE LEE STOKES, SR.
21130-076
FCI Talladega
Federal Correctional Institution
P.O. Box 1000
Talladega, AL 35160

All electronically registered counsel